## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MILLER,** | : | **Civil No. 1:12-CV-2267** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **( Judge Conner)** |
| | : | |
| **MARY SABOL, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of The Case

### A.      Procedural History

This is a *pro se* civil rights case brought by a prisoner housed at the York

County Prison, Walter Miller, through the filing of a civil rights complaint on

November 14, 2012. (Doc. 1.) Miller's initial complaint reflected a fundamental, and

profound confusion regarding the most basic of facts in a lawsuit–the identity of those

sued.  Thus, the caption of the complaint named twelve defendants ranging from the

warden, Mary Sabol, to numerous corrections officers.[1]   The body of Miller's

---

[1]These defendants named in the caption of Miller's complaint include:
Warden Mary Sabol, Defendant Ross, Classification, Captain Daryman, Captain
Hartman, Officer Blouse, Officer Clark, Cert team Member S. Bolding, Cert team
member K. Carrol, Cert team member, Officer Simpson, Officer Dutton,
Lieutenant Janice and Officer Lamback.

complaint then identified only ten prison officials as defendants. (Id., ¶¶4-13.) Defendants Janice and Lamback, who were listed in the caption of the complaint, were not included in the litany of defendants set forth in the body of this pleading.

The complaint then set forth a factual recital which further compounded the confusion regarding Miller's claims. (Id., ¶¶ 15-29.) This factual recital spanned a period from November 2010 to August 2012, but only made factual assertions regarding the conduct of nine defendants–defendants Ross, Daryman, Blouse, Bolding, Carrol, Simpson, Dutton, Janice and Lamback. (Id.) There were no factual averments at all relating to defendants Sabol, Hartman and Clark, and as for defendant Daryman, the only factual averment contained in the complaint was that Daryman apologized to the plaintiff. (Doc. 1, ¶15.) Thus, in the span of four pages in this pleading, Miller suggested that he was suing either 12, or 10, or 9 defendants.

In addition to the confusion concerning the identity of the defendants, the complaint was flawed in several other basic respects. In numerous instances Miller's complaint contained factual averments, without any indication of who might have committed these acts. (Id., ¶¶12-19, 21,22, 24-27.) In other instances the acts alleged consisted of verbal harassment, the denial of a single meal, or the failure to provide Miller with an extra blanket, matters which do not constitute claims of a constitutional dimension. (Id., ¶¶19-22.) In still other instances, Miller apparently

premised the liability of individual defendants upon their supervisory status in the prison, without any further factual averments. On the basis of these otherwise unadorned allegations, Miller sought to hold these officials personally liable to him for compensatory damages, and also sought injunctive and declaratory relief. (Id.)

Miller had not tendered the filing fee with this pleading, and thus appeared to seek leave to proceed *in forma pauperis*. Upon a screening review of this complaint, we recommended that the plaintiff be granted leave to proceed *in forma pauperis,* but that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

We reached this conclusion because we found first that Miller did not allege that supervisory defendants directed the conduct complained of by the plaintiff, or had knowledge of that conduct and acquiesced in it. In fact, in many instances Miller made no factual averments whatsoever regarding these prison supervisors. To the extent that Miller premised the liability of these particular defendants upon the assertion that they were legally responsible for the overall operation of the institution, without setting forth any further factual basis for a claim against him in the body of this pleading, we concluded that this cursory style of pleading was plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants.

Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

Miller's complaint also lodged claims against various defendants, alleging that the defendants verbally harassed the plaintiff, thereby exposing him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. This claim also warranted only brief consideration since: "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir.1997) (rejecting the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.' ")." Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006). See, e.g., Rister v. Lamas, 4:CV-10-1574, 2011 WL 2471486 (M.D. Pa. June 21, 2011); Patterson v. Bradford, CIV. 10-5043 NLH, 2011 WL 1983357 (D.N.J. May 20, 2011); Williams v. Bradford, CIV. 10-5120 JBS, 2011 WL 1871437 (D.N.J. May 13, 2011); Ringgold v. Lamby, 565 F. Supp. 2d 549, 553 (D. Del. 2008); Sharpe v. Costello, 1:06 CV 1493, 2007 WL 1098964 (M.D. Pa. Apr. 11, 2007). Because Miller simply alleged in some instances that he was verbally harassed

by officers, and given that it is "well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment," <u>Robinson v. Taylor</u>, 204 F. App'x 155, 156 (3d Cir. 2006), these verbal harassment allegations also failed to state a constitutional claim.

Finally, in his complaint, Miller made a number of allegations which we construed as complaints regarding his conditions of confinement. These allegations included the alleged denial of a single meal, and the failure to provide Miller with an extra blanket. (<u>Id</u>., ¶¶19-22.) These spare assertions did not in our view meet the exacting threshold for an Eighth Amendment conditions of confinement claim. "When an Eighth Amendment claim arises in the context of a challenge to conditions of confinement, we must determine if prison officials acted with 'deliberate indifference' to the inmate's health. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)." <u>Fuentes v. Wagner</u>, 206 F.3d 335, 345 (3d Cir. 2000). In this setting, it is also clear that: "The Eighth Amendment prohibits punishments inconsistent with "evolving standards of decency that mark the progress of a maturing society." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976) (quoting <u>Trop v. Dulles</u>, 356 U.S. 86, 101 (1958)). Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure

of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). <u>See</u> <u>Atkinson v. Taylor</u>, 316 F.3d 257, 272 (3d Cir. 2003).

When courts have in the past considered specific conditions of confinement alleged by inmates under this Eighth Amendment standard, it was apparent that many of Miller's complaints simply did not "deprive [this] inmate[] of the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347(1981). For example,"[p]ursuant to the case law related to the denial of bedding, the denial of [an inmate's] mattress for a short period of time does not rise to the level of a constitutional violation." <u>Milhouse v. Gee</u>, No. 09-2134, 2011 WL 3627414, *13 (M.D.Pa. Aug. 17, 2011) <u>citing</u> <u>Lane v. Culp</u>, Civ. No. 05–576, 2007 WL 954101 (W.D.Pa. Mar.28, 2007) (holding that denial of clothing and bedding for period of seven days does not rise to level of constitutional violation); <u>Castro v. Chesney</u>, Civ. No. 97–4983, 1998 WL 767467 (E.D.Pa. Nov. 3, 1998) ("Plaintiff's allegation that he was deprived of a mattress and blanket for a period of two days, even if proved, would not rise to the level of a constitutional violation."); <u>Stephens v. Cottey</u>, 145 F. App'x 179, 181 (7th Cir. Aug.11, 2005) (holding no Eighth Amendment violation exists where prisoner spent three days without a mattress sleeping on a metal bedframe and five days with no bedframe sleeping on the floor).

Similarly, courts have frequently rebuffed inmate complaints like those made here relating to the packaging and presentation of meals. Thus, "while prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, see Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980), there is no constitutional right to hot meals. See Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir.1992) (finding frivolous prisoner's claim that his constitutional rights were violated when he was served cold food)." Laufgas v. Speziale, 263 F. App'x. 192, 198 (3d Cir. 2008). Similarly, the "purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation. See Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim)." Lindsey v. O'Connor, 327 F.App'x. 319, 321 (3d Cir. 2009). Furthermore, courts have held that a brief interruption in water service to an inmate's cell does not, by itself, so deprive an inmate of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347(1981), that it constitutes an violation of the Eighth Amendment. Banks v. Mozingo, 423 F. App'x 123, 127-28 (3d Cir. 2011), citing Williams v.Delo, 49 F.3d 442, 444–47 (8th Cir.1995) (finding no Eighth Amendment violation where prisoner was placed in a strip cell without clothes, the water in the cell was turned off and the mattress removed, and prisoner's bedding, clothing, legal mail, and hygienic supplies were withheld).

Judged against these benchmarks, Miller's complaint that he missed one meal on February 19, 2012, (Doc. 1, ¶19.), and his averment that he did not receive an *extra* blanket in his cell on March 1, 2012, (Id., ¶21), simply did not constitute matters of constitutional dimension. (Doc. 5.)

While we recommended dismissal of this flawed complaint, we also recommended the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acted within 20 days of any dismissal order. On December 11, 2012, the district court adopted this Report and Recommendation, but permitted Miller 20 days in which to amend his complaint. (Doc. 8.) This order was returned as undeliverable. (Doc 9.) Thus, it is now apparent that Miller is no longer accepting communications at the last address which he had provided to the Court, and has not provided the Court with an address where he can be reached. As a *pro se* litigant Miller's failure to maintain an address where he could be reached itself violates the Rules of this Court; specifically, Local Rule 83.18, which provides that:

**LR 83.18 Appearance of Parties Not Represented by Counsel.**

Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

The deadline for compliance with the Court's order has now lapsed without any action on Miller's part to comply with the Court's order. Moreover, Miller continues to be non-compliant with his obligations as a *pro se* litigant by failing to provide the Court with an address where we can communicate with him. On these facts, we recommend that this case be dismissed with prejudice.

## II.    <u>Discussion</u>

In this case, Miller was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. Miller has compounded this failure by failing to provide the Court with an address where he can be reached, a direct violation of Local Rule 83.18.

These cumulative failures, combined with the fact that Miller's complaint on its face failed to state a claim upon which relief may be granted, now compel dismissal of this case with prejudice. At the outset, Miller's on-going violations of Local Rule 83.18, permit the Court to find that he has abandoned this litigation. In this circumstances, dismissal of this action for failure to abide by court orders, and failure to prosecute, is fully justified. <u>See, e.g.</u>, <u>Kuhn v. Capitol Pavilion</u>, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); <u>Educ. Mgmt. Services, Inc. v. Pennsylvania</u>, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); <u>Olguin v. Burgerhoff</u>, 1:12-CV-0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); <u>Nowland</u>

v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011).

Furthermore, in this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed as frivolous for failure to state a claim without further leave to amend.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed as frivolous for failure to state a claim with prejudice and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of January 2013.

*__S/Martin C.  Carlson__*
Martin C. Carlson
United States Magistrate Judge
